IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1361-SRF |
| ) | |
| MICHELLE KING, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**[2]

Pending before the court is Plaintiff's Motion for Attorney Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (D.I. 20) Defendant does not support or oppose the motion. (D.I. 22) For the following reasons, IT IS ORDERED that Plaintiff's motion is GRANTED.

1.  **Background.** Plaintiff Robert Short ("Plaintiff") filed this civil action pursuant to 42 U.S.C. § 405(g) against then-acting Commissioner of the Social Security Administration, Kilolo Kijakazi,[3] seeking judicial review of the Commissioner's final decision denying Plaintiff's claim for disability insurance benefits ("DIB"). (D.I. 1) After further review of Plaintiff's case, the Commissioner filed an uncontested motion to remand the case for further administrative proceedings, and the court entered an order remanding the case on April 3, 2023. (D.I. 15; D.I. 16)

---

[1] Michelle King, the current Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of the Commissioner of Social Security or any vacancy in such office.").
[2] On March 9, 2023, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case. (D.I. 13)

2. Following the court's order remanding this action, Plaintiff's counsel petitioned the court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and was awarded fees in the amount of $7,200.00. (D.I. 18; D.I. 19)

3. The administrative proceedings on remand resulted in a fully favorable decision for Plaintiff. (D.I. 20, Ex. A) On December 24, 2024, the Social Security Administration issued a Notice of Award for DIB indicating that Plaintiff will receive $187,581.00 in retroactive and future benefits from September of 2019 through November of 2024. (D.I. 20, Ex. B) In accordance with standard practice, the Social Security Administration withheld 25 percent of the gross past-due benefits, totaling $46,895.25, for payment of attorney's fees. (*Id.*, Ex. B at 3)

4. After the award of EAJA fees and pursuant to a contingent fee agreement between counsel and Plaintiff, Plaintiffs' counsel now seeks 25 percent of the past due benefits awarded to Plaintiff. (D.I. 20)

5. **Legal standard.** The Social Security Act allows an award of attorney's fees "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney." 42 U.S.C. § 406(b)(1)(A). The fee must not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* "Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable considering the services rendered." *Wilson v. Astrue*, 622 F. Supp. 2d 132, 134 (D. Del. 2008) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The court may consider the character of the representation and the results achieved in determining the reasonableness of the contingent fee arrangement, and it may adjust the award of attorney's fees

downward if the attorney is responsible for delay or the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

6. **Analysis.** Plaintiff and his counsel entered into a contingent fee agreement that provides for a fee of 25 percent of the past due benefits awarded to Plaintiff, within the statutory maximum allowed by § 406(b). (D.I. 20 at ¶ 4, Ex. C) Taking into account the highly successful result counsel obtained for Plaintiff, the amount of time spent on the case, counsel's experience, and the risk inherent in taking cases on contingency, the court concludes that the requested fee is reasonable. *See Wilson*, 622 F. Supp. 2d at 136–137; *Cawby v. Kijakazi*, C.A. No. 20-1371-JLH, 2023 WL 8019386, at *1 (D. Del. Nov. 20, 2023); *Tucker v. Berryhill*, C.A. No. 13-1246-LPS, 2017 WL 4613621, at *1 (D. Del. Oct. 16, 2017). Additionally, consistent with his legal obligations, counsel has represented that he will refund the previously obtained EAJA fees to Plaintiff upon receipt of the fees requested here. (D.I. 20 at ¶ 5); *see Furniss v. Astrue*, C.A. No. 05-863-JJF, 2008 WL 3982393, at *1 (D. Del. Aug. 25, 2008).

7. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   A. The court authorizes a payment to Gary C. Linarducci, Esquire, in the amount of Forty-Six Thousand, Eight Hundred and Ninety-Five dollars and 25/100 cents ($46,895.25) in attorney's fees being withheld from Plaintiff's past-due benefits for court-related services; and

   B. Upon receipt of this sum, Plaintiff's counsel shall remit Seven Thousand, Two Hundred dollars and 00/100 cents ($7,200.00) directly to Plaintiff,

3

representing the sum already paid to Plaintiff's counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: February 14, 2025

_____
Sherry R. Fallon
United States Magistrate Judge